**FILED**

**FEB. 23, 2022**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

APRIL FAVORS,                          )
                                       )
              Petitioner,              )
                                       )
       v.                              )          Civil Action No.  22-0372 (UNA)
                                       )
                                       )
HOPKINS COUNTY COURT,                  )
                                       )
              Respondent.              )

## MEMORANDUM OPINION

Under Federal Rule of Civil Procedure 8, an initial pleading "must contain . . . a short and plain statement of the ground for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for relief sought."  Fed. R. Civ. P. 8(a).  The initial pleading in this case fails in all respects.  The pleading in on the form used for petitions for habeas corpus under 28 U.S.C. § 2241 but does not name the plaintiff/petitioner's immediate custodian, and it unclear whether she is, in fact, in custody and, if so, whether she seeks relief relating to that custody.  She alleges, for example, that her "Place of confinement" is the "Hopkins County Jailhouse," but the dockets lists what appears to be private residence as her address.  Moreover, the decision that she purports to challenge is the imposition of a $500 fine, and the relief she includes: "Speed my Court Dates," "Look Accommodate Disciplinary action;" "performance improvement plan;" "pain and suffering Damages;" and transfer of her case "to the District of U.S. District Court in Columbia."  Dkt. 1 at 5.  In describing her grounds for relief, she merely asserts "fraud" and, in support, states, "I don't have the same validation that this court is saying.  Don't know why I have to pay a fine for unlawful Attempts."  *Id*. at 6. And, complicating matters further, the plaintiff/petitioner checks the box

indicating that she is being held by state authorities, but then indicates that she is seeking relief

under 28 U.S.C. § 2255, *id*. at 1, 3, which applies only to federal prisoners, *see* 28 U.S.C. §

2255(a).

Under these circumstances, the Court concludes that it lacks sufficient basis to assess

whether it has subject matter jurisdiction over this matter, and the named defendant—the

Hopkins County Court—lacks sufficient notice of the nature of petitioner/plaintiff's claim to

"prepare a responsive answer and an adequate defense." *Idrogo v. Foxx*, 990 F.2d 5, 6 (D.D.C.

2013). Indeed, the Court cannot discern whether this is a claim for damages, a claim seeking

judicial review in federal court of a decision rendered by the local court in Hopkins Country,

Texas, or a claim seeking release from custody, which should have been brought against the

petitioner/plaintiff's immediate custodian in the jurisdiction where she is held, *see Braden v.

30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).

The Court will, accordingly, grant petitioner's motion to proceed *in forma pauperis* (ECF

No. 2) and will dismiss the petition/complaint (ECF No. 1) without prejudice pursuant to Rule 8.

A separate order will issue.


DATE: February 23, 2022                     /s/
                                            RANDOLPH D. MOSS
                                            United States District Judge